IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


**TERRY LEE PARRISH, legal**                 1:16-cv-02246-BR
**representative for the estate**
**of Dana Michael Parrish,**                 OPINION AND ORDER

          **Plaintiff,**

**v.**

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner, Social**
**Security Administration,**

          **Defendant.**


**NANCY J. MESEROW**
7540 S.W. 51st Avenue
Portland, OR 97219
(503) 560-6788

          Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed the Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2539

   Attorneys for Defendant

**BROWN, Judge.**

  Plaintiff, Terry Lee Parrish,[2] seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Claimant Dana Michael Parrish's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

  For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner for further proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

  Claimant protectively filed his application for DIB on

---

[2] Plaintiff Terry Lee Parrish was substituted for Claimant Dana Michael Parrish on June 23, 2017, after Claimant died during the pendency of this matter.

2 - OPINION AND ORDER

January 24, 2013.  Tr. 148.[3]  Claimant alleged a disability onset date of February 2, 2011.  Tr. 148.  Claimant's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 9, 2014, at which Claimant failed to appear.  Tr. 39-56.  Claimant's counsel attended and participated in the hearing.  Despite Claimant's failure to appear at the hearing, the ALJ proceeded to hear testimony from a vocational expert (VE).  The ALJ subsequently sent to Claimant (but not to Claimant's attorney) a Request to Show Cause for Failure to Appear.  Tr. 146.  Claimant did not respond.  Tr. 21.

On April 24, 2015, the ALJ issued an opinion in which she found Claimant is not disabled and, therefore, is not entitled to benefits.  Tr. 21-34.  On October 3, 2016, the Appeals Council denied Claimant's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 30, 2016, Claimant filed a Complaint in this Court seeking review of the Commissioner's decision.

**BACKGROUND**

Claimant was born on July 11, 1962.  Tr. 148.  Claimant was 52 years old at the time of the hearing.  Claimant has a 12th-

---

[3] Citations to the official transcript of record filed by the Commissioner on April 13, 2017, are referred to as "Tr."

3 - OPINION AND ORDER

grade education. Tr. 160. The ALJ found Claimant has past relevant work experience as a telephone solicitor, mail sorter, shuttle-bus driver, sales clerk, security guard, and bookkeeping clerk. Tr. 31, 46-67.

Claimant alleged disability due to post-traumatic stress disorder (PTSD), dissociative disorder, and high blood pressure. Tr. 159.

Except as noted, Claimant does not challenge the ALJ's summary of the medical evidence. *See* Tr. 24-31. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d

453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070

5 - OPINION AND ORDER

(9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

6 - OPINION AND ORDER

regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

7 - OPINION AND ORDER

**ALJ'S FINDINGS**

At Step One the ALJ found Claimant did not engage in substantial gainful activity from February 2, 2011, his alleged onset date, through June 30, 2014, his date last insured. Tr. 20.

At Step Two the ALJ found Claimant had the severe impairments of rheumatoid arthritis, PTSD, depressive disorder, fibromyalgia, and a history of alcohol abuse. Tr. 24.

At Step Three the ALJ concluded Claimant's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 21-22. The ALJ found Claimant has the RFC to perform less than the full range of light work except that he is capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing or walking for a total of three hours in an eight-hour workday; never climbing ropes, ladders, or scaffolds; "less than occasional climbing [of] stairs"; occasionally walking up ramps; occasionally stooping, kneeling, crouching or crawling; frequently balancing; and frequently reaching in all planes of directions. The ALJ further stated Claimant must avoid concentrated exposure to extreme temperatures, vibrations, and hazards; can only perform simple, routine tasks; and can only have occasional superficial contact with the public and occasional contact with coworkers that did

not require teamwork.  Tr. 27-31.

At Step Four the ALJ concluded Claimant is incapable of performing his past relevant work.  Tr. 31-32.

At Step Five the ALJ found Claimant can perform other jobs that exist in the national economy, including small parts assembler, solderer, and hand-packager.  Tr. 32-33.  Accordingly, the ALJ found Claimant is not disabled.  Tr. 33-34.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to send the show-cause order to Claimant's counsel; (2) did not find Claimant disabled at Step Three on the basis of his rheumatoid arthritis; (3) did not consider evidence that was submitted for the first time to the Appeals Council; (4) discredited Claimant's testimony; (5) discredited the opinions of treating psychologist Alicia Grattan, M.D., and nonexamining psychologists Patricia Kraft, Ph.D., and Renee Eisenhauer, Ph.D.; (6) credited the opinion of nonexamining physician Gordon Hale, M.D.; (7) and failed to explain a discrepancy between the VE testimony and the Dictionary of Occupational Titles.

Defendant concedes many of these arguments and does not provide any substantive argument in response to any of Plaintiff's contentions.  Defendant, nonetheless, moves for remand on the basis that the record is unclear as to when

9 - OPINION AND ORDER

Claimant became disabled, and, therefore, outstanding issues remain for the ALJ to determine.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when a useful purpose would not be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine whether a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are not any outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if such evidence were credited.

*Id.* The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010). When the reviewing court finds the elements of

10 - OPINION AND ORDER

the "credit-as-true" rule have been satisfied, however, the court may only remand for further proceedings if "an evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

The Court agrees with Defendant that the Commissioner must still determine when Claimant became disabled. The record indicates Claimant's functionality deteriorated significantly after the alleged onset date of disability.

With respect to his mental-health condition, although Claimant had an extended hospitalization because of his mental-health condition in February 2011, it was noted by November 3, 2011, that he was anxious but stable. Tr. 277-78. Claimant did not seek mental-health treatment for a significant period thereafter despite apparently having access to resources through the Veterans Administration. Tr. 522. In April 2013 Alicia Grattan, M.D., an examining psychologist, assessed Claimant's depression and anxiety as "treatable," but she found Claimant could not maintain regular work attendance in light of his dissociative symptoms. Tr. 476. Nonetheless, Claimant did not consistently obtain mental-health treatment until March 2015 when Claimant was again hospitalized for substance-abuse and mental-health reasons. Tr. 694-894. Although the March 2015 hospitalization occurred after June 30, 2014, Claimant's last

insured date (Tr. 23, 156), the evidence of that hospitalization could give rise to an inference that Claimant's mental-health condition had deteriorated during the time in which Claimant was eligible to receive DIB, especially in light of the shortage of other evidence concerning Claimant's mental status throughout 2012, 2013, and 2014.

Similarly, the record indicates Claimant's physical condition also deteriorated after his alleged onset date of disability. Claimant's most serious physical condition throughout the record was his rheumatoid arthritis (RA), which caused knee pain and difficulty walking. Claimant's RA was diagnosed during Claimant's first visit to a rheumatologist on April 30, 2013. Tr. 514-16. At that time Claimant's rheumatologist characterized Claimant's RA as "uncontrolled." Tr. 516. Over the course of the following year, however, Claimant's RA symptoms were noted to be "improved and tolerable" (Tr. 619), "the best [Claimant] has felt in 2 years" (Tr. 615), and Claimant was twice noted to "continue[] to do well." Tr. 600, 610. Nonetheless, on September 25, 2014, Claimant was prescribed a four-wheeled walker to assist with ambulation in light of his RA symptoms, and Claimant had significant difficulty with ambulation during his March 2015 hospitalization. Tr. 672, 694-894.

The date on which Claimant became disabled is a factual

determination that must be made by the Commissioner.  This is especially the case here because the record contains conflicting evidence that could support differing conclusions regarding the date Claimant's disability began.

Accordingly, on this record the Court concludes outstanding issues remain to be resolved, and, therefore, remand for further proceedings consistent with this Opinion and Order is necessary.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 7th day of December, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge