IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TERRY LEE PARRISH, Legal Representative for the Estate of Dana Michael Parrish,** | 1:16-cv-02246-BR<br><br>**ORDER** |
| **Plaintiff,** | |
| v. | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**[1] | |
| **Defendant.** | |

**NANCY J. MESEROW**
7540 S.W. 51st Avenue
Portland, OR 97219
(503) 560-6788

    Attorney for Plaintiff

---

[1] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration ended on November 17, 2017, and a new Commissioner has not been appointed.

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2539

      Attorneys for Defendant

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff Terry Lee Parrish's Motion (#27) for Fees, Costs and Expenses Pursuant to Equal Access to Justice Act (EAJA).  In his Motion Plaintiff seeks $13,996.89 in attorneys' fees and $20.00 in costs and expenses.  Defendant opposes Plaintiff's Motion on the basis that the amount of attorneys' fees sought is unreasonable.  Defendant does not oppose Plaintiff's request for $20.00 in costs and expenses.

On this record the Court **AWARDS** attorneys' fees to Plaintiff in the amount of **$11,296.19** and costs and expenses in the amount of **$20.00**.

**STANDARDS**

Under EAJA the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if

> (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable.

28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified if they are reasonably based in both law and fact. *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions

does not raise a presumption of unreasonableness. *U.S. v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

Under EAJA the hourly rate for attorneys' fees is capped at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]." 28 U.S.C. § 2412(d)(2)(A). If the government acts in bad faith, however, fees may be awarded at the market rate rather than at the EAJA-mandated rate. 28 U.S.C. § 2412(b), (c). *See also Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)("The district court may award attorney fees at market rates for the entire course of litigation . . . if it finds that the fees incurred during the various phases of litigation are in some way traceable to the Secretary's bad faith."). The "bad faith exception is 'a narrow one,' typically invoked in cases of 'vexatious, wanton, or oppressive conduct.'" *Id.* at 495 (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987) and citing *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116 (1979)). The bad-faith exception "is punitive, and the penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.'" *Beaudry Motor Co. v. Abko Prop. Inc.*, 780 F.2d 751, 756 (9th Cir. 1986)(quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)).

The court may reduce an award of attorneys' fees under EAJA

when the plaintiff's requested fees are unreasonable. *Costa v. Comm'r of Soc. Sec. Admin.*, No. 11-35245, 2012 WL 3631255, at *2 (9th Cir. Aug. 24, 2012)(citing 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(A)). The court applies the "lodestar" method set forth in *Hensley v. Eckerhart* to determine whether a fee award is reasonable. *Id.* (citing 461 U.S. 424, 433 (1983)). *See also Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990)(Under EAJA "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.").

To calculate the "lodestar" amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Costa*, 2012 WL 3631255, at *2 (quoting *Hensley*, 461 U.S. at 433). To calculate the number of hours reasonably expended, the court considers "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Hensley*, 461 U.S. at 433.

A court may not apply *de facto* caps on the number of hours for which an attorney can be compensated under EAJA. *Costa*, 2012 WL 3631255, at *1. Cases must be considered on an individual basis. *Id.* In order to reduce the number of hours requested for a particular task, a court must explain why the amount of time requested is too high and provide specific reasons for making significant reductions. *Id.*, at *4 (citing *Moreno*, F.3d at 1112).

## DISCUSSION

Plaintiff seeks $13,996.89 in attorneys' fees to compensate Plaintiff's counsel for 82.8 hours of work billed on this matter. Plaintiff's counsel notes she voluntarily discounted 11.3 hours traceable to her review of the record and preparation of Plaintiff's Opening Brief from her request for attorneys' fees. Defendant contends Plaintiff's request is unreasonable notwithstanding the voluntary discount.

The hours billed by Plaintiff's counsel break down broadly into five categories: (1) 6.4 hours on case-management matters that included reviewing the case to determine whether to accept the representation, preparing and filing a motion for substitution of party, and communicating with Plaintiff; (2) 34.6 hours reviewing the administrative record; (3) 37.6 hours drafting Plaintiff's Opening Brief and conducting legal research; (4) 6.1 hours reviewing Defendant's Response Brief and settlement offer and preparing Plaintiff's Reply Brief; and (5) 1.2 hours reviewing this Court's Opinion and Order, communicating with Plaintiff about this Court's Opinion and Order, and preparing the Motion for Fees, Costs, and Expenses.[2]

---

[2] Although Plaintiff's Motion indicates she billed a total of 82.8 hours on this matter, the billing records attached to the Declaration of Nancy A. Meserow (#28) indicate Plaintiff's counsel billed 85.9 total hours on this litigation. The Court, therefore, uses this number in its lodestar analysis.

## I. Case-Management Matters

The Court finds the 6.4 hours spent on case-management matters are reasonable. Of these hours, Plaintiff's counsel spent 3.1 hours in 2016 (which the parties agree are appropriately reimbursed at a rate of $192.68 per hour) and 3.3 hours in 2017 (which the parties agree are appropriately reimbursed at $195.95 per hour).

Accordingly, the Court awards attorneys' fees to Plaintiff in the amount of $1,243.95 ($597.31 for 3.1 hours x $192.68 per hour + $646.64 for 3.3 hours x $195.95 per hour) for case-management matters.

## II. Record Review

The Court finds the 34.6 hours spent reviewing the record to be excessive. The administrative record in this case was approximately 900 pages. Although the administrative record in this case is longer than the typical administrative record, it is not extraordinarily longer. Moreover, the Court finds after reviewing the record that there is nothing in the nature of the record aside from its length that would make it more burdensome or time-consuming to review than the typical administrative record. Thus, the Court concludes a reasonable attorney should have been able to review such a record in 24 hours.

The Court, therefore, concludes an award of attorneys' fees for 24.0 hours of record review is reasonable. All of the hours

7 - ORDER

that Plaintiff's counsel spent reviewing the record were in 2017.

Accordingly, the Court awards attorneys' fees of $4,702.80 (24.0 hours x $195.95 per hour) to Plaintiff for the time spent reviewing the administrative record.

**III. Preparation of Plaintiff's Opening Brief**

The Court finds the 37.6 hours spent drafting Plaintiff's Opening Brief are excessive. Plaintiff submitted an Opening Brief (#17) that was approximately 35 pages in length (excluding the table of contents and table of authorities) and raised seven assignments of error. Although the arguments Plaintiff presented in his Opening Brief were well-presented, six of the seven issues are common to Social Security cases and are not unusually complex. Plaintiff raised one unusual issue when he contended the Administrative Law Judge erred by failing to send a show-cause order to Claimant's administrative counsel after Claimant failed to appear at an administrative hearing. Although the Court would expect this unusual issue to cause Plaintiff's counsel to spend some additional time in legal research, the Court finds after reviewing the matter that those legal issues were relatively straightforward.

The Court notes the 37.6 hours spent drafting Plaintiff's Opening Brief (excluding those hours reviewing the administrative record) are unusually high. Although a reasonable attorney might spend a somewhat above-average amount of time preparing an

8 - ORDER

opening brief like the one that Plaintiff's counsel prepared, the Court finds 37.6 hours is excessive and that preparation of the opening brief should have taken no more than 20.0 hours.  The Court, therefore, awards attorneys' fees to Plaintiff for 20.0 hours to prepare Plaintiff's Opening Brief.  All of the hours that Plaintiff's counsel spent preparing Plaintiff's Opening Brief were in 2017.

Accordingly, the Court awards to Plaintiff $3,919.00 (20.0 hours x $195.95 per hour) in attorneys' fees for the time spent preparing Plaintiff's Opening Brief.

**IV. Preparation of Plaintiff's Reply Brief**

The Court finds reasonable the 6.1 hours that Plaintiff's counsel spent reviewing Defendant's Response Brief and settlement offer and preparing Plaintiff's Reply Brief.  All of the hours that Plaintiff's counsel spent on these matters were in 2017.

Accordingly, the Court awards to Plaintiff $1,195.30 (6.1 hours x $195.95 per hour) in attorneys' fees for time spent preparing Plaintiff's Reply Brief.

**V. Opinion and Order Review and Motion for Fees, Costs, and Expenses**

The Court finds reasonable the 1.2 hours that Plaintiff's counsel spent reviewing this Court's Opinion and Order; communicating with Plaintiff about this Court's Opinion and Order; and preparing Plaintiff's Motion for Fees, Costs, and Expenses.  All of the hours that Plaintiff's counsel spent on

9 - ORDER

these matters were in 2017.

Accordingly, the Court awards to Plaintiff $235.14 (1.2 hours x $195.95 per hour) in attorneys' fees for the review of this Court's Opinion and Order and preparation of the Motion for Fees, Costs, and Expenses.

The Court also finds Plaintiff's undisputed request for $20.00 in costs and expenses. Accordingly, the Court awards to Plaintiff $20.00 in costs and expenses.

In summary, the Court awards to Plaintiff $11,296.19 in attorneys' fees ($1,243.95 + $4,702.80 + $3,919.00 + $1,195.30 + $235.14) and $20.00 in costs and expenses.

### CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion (#27) for Fees, Costs, and Expenses Pursuant to EAJA. Pursuant to EAJA the Court **AWARDS** to Plaintiff attorneys' fees in the amount of **$11,296.19** and costs and expenses in the amount of **$20.00**.

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program. *Astrue v. Ratliff*, 560 U.S. 586, 593-94 (2010). Plaintiff has filed with the Court an assignment of EAJA fees to counsel. If Plaintiff does not have any debt subject to the Treasury Offset Program, the Court directs Defendant to make the check payable to Plaintiff's

10 - ORDER

attorney, Nancy J. Meserow, and to mail the check to Plaintiff's attorney.

IT IS SO ORDERED.

DATED this 20th day of March, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge